**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudolph Gleason, III, <br><br> Plaintiff, <br><br> v. <br><br> Suncoast Glass and Glazing LLC, et al., <br><br> Defendants. | No. CV-21-01030-PHX-DLR <br><br> **ORDER** |

Pending before the Court is Defendants' Motion to Join Indispensable Party Under Rule 19 (Doc. 31). The motion, which is fully briefed, is denied.

**I. The Motion**

In June 2021, Plaintiff filed a complaint against Defendants alleging discrimination, harassment, and retaliation under 42 U.S.C. § 1981. (Doc. 1.) The Court issued a scheduling order in September 2021, which set a November 30, 2021 deadline to join parties. On December 9, 2021, Defendants filed this motion, seeking to join Plaintiff's spouse as a necessary party under Federal Rule of Civil Procedure 19 because without her, Defendants argue, they will be unable to enforce a potential attorney fee award. (Doc. 31 at 2.)

**II. Good Cause**

Defendants' motion is untimely and triggers the "good cause" standard of Federal Rule of Civil Procedure 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08

(9th Cir. 1992). Whether a party meets that standard turns on that party's diligence. *Id.* Defendants missed the deadline by just over a week because they tried to work with opposing counsel to stipulate to joining Plaintiff's spouse. Plaintiff's counsel concedes the negotiations happened in good faith. (Doc. 32 at 2.) But these negotiations began on November 29, 2021, the day before the deadline for joining parties. (Doc. 31 at 4.) Certainly, Defendants could have sought a stipulation earlier.

Nevertheless, Federal Rule of Civil Procedure 1 directs courts to construe, administer, and employ the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Although these negotiations could have happened earlier, strictly applying the good cause standard would not promote the just, speedy, and inexpensive resolution of this matter. The delay is minimal, and it resulted from the parties engaging in good-faith efforts to resolve the issue without the Court's intervention. The Court will consider the motion on its merits.

**III. Joinder**

Rule 19 provides that a person subject to service and whose joinder would not deprive the Court of jurisdiction "shall" be joined as a party to the action if his or her absence would preclude complete relief to the parties. "[O]ne aspect of complete relief is an award of attorney's fees[.]" *N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 55 (1980). At issue is whether, as Defendants argue, failing to join a plaintiff's spouse would prevent a defendant from enforcing an award of attorney fees against the marital community or whether a defendant could enforce an attorney fee award against the marital community without such joinder. This District has two schools of thought on the matter, and the Court now turns to them.

The first school of thought requires joinder of a married plaintiff's spouse in order for a defendant to enforce an attorney fee award against the marital community. *See, e.g.*, *Weimer v. Maricopa Cty. Cmty. Coll. Dist.*, 184 F.R.D. 309, 310-11 (D. Ariz. 1998); *Drottz v. Park Electrochemical Corp.*, No. CV 11-1596-PHX-JAT, 2012 WL 1344729 (D. Ariz. Apr. 18, 2012). These cases rely on *Spudnuts, Inc. v. Lane*, 676 P.2d 669, 670 (Ariz. App.

1984), which applied A.R.S. § 25-215(C) to bar an unmarried plaintiff from enforcing a judgment against a married defendant whose spouse was not joined in the action. That statute provides

> either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.

The other school has ruled that an attorney fee award against a married plaintiff is enforceable—even if the spouse is not joined. *See, e.g., Waesche v. Embry-Riddle Aeronautical Univ. Inc.*, No. CV-21-08020-PCT-DLR, 2021 WL 1862824, at *1 (D. Ariz. May 10, 2021); *Greer v. T.F. Thompson & Sons*, Inc., No. CV-10-799-PHX-SMM, 2013 WL 4512055, at *4 (D. Ariz. Aug. 26, 2013). *Greer*, the leading case in this school, determined that *Spudnuts* applies when enforcing an attorney fee award against a married *defendant* but not when enforcing an attorney fee award against a married *plaintiff*. *See Greer*, 2013 WL 4512055, at *4. The distinction matters, reasoned *Greer*, because the text of A.R.S. § 25-215(D) applies to an action brought to enforce a debt or obligation of the marital community, that is, when the action is brought against a defendant who is married. *Id.* In contrast, a married plaintiff who sues an unmarried defendant, does not fall within the scope of that provision. *Id.* Instead, A.R.S. § 25-214(C) applies. That statute provides, in relevant part, that "[e]ither spouse separately may acquire, manage, control or dispose of community property or bind the community." Thus, *Greer* concluded, when a married plaintiff sues under a fee-shifting statute, the plaintiff separately binds the marital community to the possibility that it would be on the hook for attorney fees.

The Court agrees with the *Greer* line of cases. To hold otherwise would require joining a plaintiff, even one lacking an injury in fact, merely to enforce a potential judgment of attorney fees. *Waesche*, 2021 WL 1862824, at *1. And without a legally cognizable injury, a plaintiff lacks standing and has no business to bring before a Federal Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

1       Turning to the instant matter, Plaintiff is married and has sued Defendant under Federal labor laws, which include a fee-shifting provision. Plaintiff's spouse need not be joined for Defendants to enforce against Plaintiff's marital community a potential future order awarding attorney fees. Thus, Plaintiff's spouse is not a necessary party under Rule 19.

      **IT IS ORDERED** that Defendant's Motion to Join Indispensable Party Under Rule 19 (Doc. 31) is **DENIED**.

      Dated this 29th day of December, 2021.

Douglas L. Rayes
United States District Judge